UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DILIP METHA, M.D.
*doing business as* Spring Hill Radiology

      Plaintiff,

v.                                Case No.  8:06-cv-1284-SCB-MSS

HCA HEALTH SERVICES OF FLORIDA,
INC., *doing business as*
HCA Oak Hill Hospital,

      Defendant.

_____/

**ORDER**

      This cause comes before the Court for consideration of Defendant HCA Health Services

of Florida, d/b/a HCA Oak Hill Hospital's Motion to Dismiss Plaintiff's Complaint, pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff's opposition to that motion.

(Doc. Nos. 3, 5.)  The Court also considers Plaintiff's Motion to Add Spring Hill Radiology as a

Party Plaintiff pursuant to Rules 15(a), 17(a), and 21, and Defendant's opposition to that motion.

(Doc. Nos. 4, 7).

**I.**      **Background**

      Plaintiff Spring Hill Radiology ("Spring Hill") alleges the following in its Complaint:

Spring Hill was a partnership that held an exclusive contract with Defendant HCA Health

Services of Florida ("Health Services" or "Defendant") to provide radiological services at

Defendant's hospital.  (Pl.'s Compl. ¶ 4.)  Spring Hill held this exclusive contract with Health

Services from the mid-1980's until December 2003.  (*Id.* at ¶¶ 4, 24-25.)  Between December 1,

2003, and January 6, 2006, Spring Hill was jointly owed by Dilip Mehta, M.D. and Aruna

Medara, M.D., both of whom are Indian.  (*Id.* at ¶¶ 4-5.)  On January 6, 2006, Mehta purchased

Medara's ownership in the partnership, and thereafter was the sole partner of Spring Hill.  (*Id.* at ¶ 6.)

Arthur Flatau, III, M.D. is a surgeon practicing at the hospital.  (*Id.* at ¶ 12.)  On September 21, 2003, Flatau accused Mehta of sexually harassing Flatau's wife and called Mehta "You Indian son of a bitch."  (*Id.* at ¶ 13.)  Thereafter, Flatau repeatedly pressured Health Services' CEO, Mickey Smith, to force Spring Hill and Mehta out of the hospital.  (*Id.* at ¶ 14.)  On September 22, CEO Smith informed Mehta that, due to the conflict between Flatau and Mehta, Health Services would not renew Spring Hill's exclusive contract in December 2003.  (*Id.* at ¶ 15.)  Flatau continued to direct racial threats and statements toward Mehta, which Mehta reported on October 30, 2003.  (*Id.* at ¶¶ 16-18.)  The next day, on October 31, 2003, CEO Smith sent Mehta a letter, modifying the existing contract between Spring Hill and Health Services with regard to staffing, scheduling, and use of the Radiology Department's Special Procedures room.  (*Id.* at ¶ 19.)  Smith's letter also stated that Health Services would contract with another radiology group if Spring Hill was unable to satisfy these contract modifications.  (*Id.* at ¶ 21.)  On December 1, 2003, Health Services sent Spring Hill a proposed renewal contract, knowing that Spring Hill would be unable to satisfy the proposed modifications.  (*Id.* at ¶¶ 24-25.)

Spring Hill filed suit, alleging that Health Services discriminated against the partnership in violation of 42 U.S.C. § 1981(b) when it attempted to modify and failed to renew the parties' exclusive contract.  (*Id.* at ¶¶ 27-34.)  Specifically, Spring Hill alleged that Health Services discriminated against Spring Hill because it was owned by Indian physicians.  (*Id.*)

The Court notes that this case is related to a lawsuit filed by Mehta in his individual capacity against Health Services arising out of the same contract.  In that lawsuit, the Court granted Health Services' Motion to Dismiss Mehta's individual § 1981 claims against the

company.  *See Mehta v. HCA Health Servs. of Fla., Inc.*, No. 8:05-cv-27-T-24, Doc. No. 10,

p.17.  The Court ruled that "Plaintiff [Mehta] does not have an individual section 1981 cause of

action relating to the termination of Spring Hill Radiology's contract" because "it was Spring

Hill Radiology's right to make and enforce the contract."  *Id.*

## II.      Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the district court "must

accept the allegations in the complaint as true, construing them in the light most favorable to the

plaintiff."  *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000).  "[A]

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).  "[T]he Federal

Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he

bases his claim."  *Id.* at 47, 78 S. Ct. at 103.  All that is required is "a short and plain statement of

the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the

plaintiff may ultimately prevail on its theory, "but whether the allegations are sufficient to allow

[the plaintiff] to conduct discovery in an attempt to prove [its] allegations." *Jackam v. Hosp.*

*Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).[1]

## III.      Health Services' Motion to Dismiss Plaintiff's Complaint

Health Services filed the instant motion arguing that Spring Hill's Complaint should be

dismissed with prejudice pursuant to Rule 12(b)(6) because Spring Hill failed to state a claim

upon which relief can be granted.  Health Services asserts that this lawsuit is again filed on

---

[1]  Health Services argues–albeit, in a confusing and rambling manner–that the Court should
construe its Motion to Dismiss as a motion for summary judgment pursuant to Rule 12(b).
Health Services has not provided any legal support for this argument; therefore, the motion shall
be treated as a Motion to Dismiss.

behalf of Mehta himself, not Spring Hill.  Therefore, it argues, the doctrine of *res judicata* precludes resolution of this matter because the Court already ruled that Mehta cannot assert an individual discrimination claim pursuant to § 1981.  In response, Spring Hill insists that this lawsuit is on behalf of the partnership, not Mehta.  Spring Hill explains that Mehta is named in the caption of the lawsuit because, since January 2006, he has been the sole partner of Spring Hill, and is therefore the real party in interest pursuant to Rule 17(a).

The doctrine of *res judicata* does not warrant the dismissal of this claim.  "The doctrine of res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding."  *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990).  A claim is barred by prior litigation where: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  Here, neither the parties nor the cause of action in the two lawsuits are identical.  The first suit consists of an individual claim on behalf of Dilip Mehta, M.D., while the instant suit consist of a claim on behalf of the Spring Hill partnership.  A review of the Complaint in the instant case reveals that Spring Hill is the entity asserting factual and legal allegations against Health Services.  Health Services' argument that this lawsuit is the same as the one the Court previously dismissed is unpersuasive.

Furthermore, Health Services' reliance on *Domino's Pizza, Inc. v. McDonald*, __ U.S. __, __, 126 S. Ct. 1246, 1252, 163 L. Ed. 2d 1069 (2006), is misplaced.  In *Domino's Pizza*, the Supreme Court considered whether an individual plaintiff "who lacks any rights under an existing contractual relationship with the defendant" could bring suit under § 1981.  *Id.* at __,

4

126 S. Ct. at 1247-48.  The plaintiff was the sole shareholder and president of a corporation.  *Id.* at __, 126 S. Ct. at 1247.  He sued the defendant in his individual capacity under § 1981, alleging that the defendant breached its contracts with the corporation because of racial animus toward him.  *Id.* at __, 126 S. Ct. at 1248.  The Supreme Court ruled that "a plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'  Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's."  *Id.* at __, 126 S. Ct. at 1252 (quoting 42 U.S.C. § 1981(a)).  The Court held that, because the plaintiff did not have rights under the existing contract that he wished to enforce, and because he could not identify injuries flowing from a breach of his own contractual relationship with the defendant, the plaintiff could not state a claim under § 1981.  *Id.* at __, 126 S. Ct. at 1250-52.

*Domino's Pizza*, while instructive, is not dispositive here.  In the instant case, it is Spring Hill–not Mehta–that is asserting a § 1981 claim against Health Services.  Spring Hill has clearly identified the contract it wishes "to make and enforce"–that is, the long-standing contract between the two parties to provide radiological services at Defendant's hospital.  42 U.S.C. § 1981(a).  Furthermore, Health Services does not dispute, and in fact concedes, that Spring Hill may state a § 1981 claim against it.  Accordingly, the Court will permit Spring Hill to proceed.

Viewing the Complaint in light most favorable to Spring Hill, this Court finds that it has sufficiently alleged facts to support a valid claim as a business entity against Health Services.  Whether Spring Hill can ultimately prove that Health Services committed racial discrimination in violation of 42 U.S.C. § 1981(b) is an issue for the trier of fact or that can be raised in a motion for summary judgment.  Accordingly, the Court denies Health Services' Motion to Dismiss.

IV.     **Spring Hill's Motion to Add Spring Hill Radiology as a Party Plaintiff**

"[I]n an abundance of caution," Plaintiff filed a Motion to Add Spring Hill Radiology as a Party Plaintiff pursuant to Rules 15(a), 17(a), and 21.  Spring Hill notes that Health Services repeatedly admitted in its Motion to Dismiss that Spring Hill Radiology has a legal right to bring a § 1981 claim.

The Court recognizes that Spring Hill has adopted legally contradictory positions here. In the same instance, Spring Hill is both insisting that it is the plaintiff and requesting that it be added as a plaintiff.   However, Spring Hill files this Motion only "in an abundance of caution" and in order to prevent dismissal of a claim that Health Services itself concedes may be asserted. Therefore, the Court denies Plaintiff's Motion to Add Spring Hill Radiology as moot because, as previously discussed, this lawsuit has been brought on behalf of Spring Hill–not on behalf of Mehta individually.

V.      **Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 3) is denied and that Plaintiff's Motion to Add Spring Hill Radiology as a Party Plaintiff (Doc. No. 4) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record